UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.: 1:24 CR 155 |
| | ) | |
| vs. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| NOREECE YOUNG, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant, Noreece Young's Motion for Pre-trial Release. (ECF #45). The Government filed a Response in Opposition. (#54). For the reasons set forth below, Defendant's motion is DENIED.

## **PROCEDURAL HISTORY**

Mr. Young was indicted on five counts related to the distribution of controlled substances. (Counts 1, 5, 6, 7, 8 of the Superceding Indictment, ECF #21). He appeared for on September 11, 2024 for an arraignment, and was ordered detained pending trial. (ECF #41). The Defendant now seeks review and revocation of the detention order.

## **STANDARD OF REVIEW**

The Bail Reform Act requires detention upon a finding that "no condition or combination of conditions will reasonably assure the appearance of the person. . . and the safety of any other

person and the community." 18 U.S.C. §3142(e)(2). When there is probable cause to believe a person has committed a controlled substance offense for which the maximum term of imprisonment is 10 years of more, there is a rebuttable presumption that bond is not appropriate. 18 U.S.C. §3142(e)(3)(A). When the presumption is in place, the defendant bears the burden of producing some evidence that he does not pose a danger to the community or pose a flight risk. *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). Further, the presumption does not disappear once some contrary evidence has been presented, but rather retains evidentiary weight in a balancing of all available information. *United States v. Dillon*, 938 F.2d 1412, 1416 (1st Cir. 1991); *United States v. Gray*, 20 F. App'x 473, 475 (6th Cir. 2001).

## ANALYSIS

When there is probable cause to believe that the defendant has committed a controlled substances offense that carries a maximum term of imprisonment of ten years or more, or a firearm offense under section 924(c), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. 18 U.S.C. §3142(e)(3)(A) and (B). This presumption applies to Mr. Young' case because he has been indicted for qualifying controlled substance offenses.

The Defendant has not provided sufficient evidence to rebut the presumption of detention in this case. His only argument against detention is his claim that he has a place to live and the opportunity to be employed pending trial.[1] He does not provide any evidence that would support a

---

[1] His assertion that he has an employment opportunity has not been confirmed. The phone number he provided for the potential employer has been disconnected. Mr. Young has not pointed to any evidence to rebut the finding that he remains a flight risk and a danger to the community.

finding that he does not pose a danger to the community, and is not at risk for non-appearance. Even if he had presented evidence sufficient to rebut the presumption of detention, the §3142(g) factors weigh against his release. Under 18 U.S.C. §3142(g), courts must consider four factors when determining whether the safety of the community and other persons can be reasonably assured without detention: (1) the nature and circumstances of the crime charged, including whether it involves a firearm or a controlled substance offense; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and, (4) the nature and seriousness of the danger to any person or the community that defendant's release would pose. All of these factors weigh in favor of detention.

There is strong evidence obtained that Mr. Young was involved in the distribution of large amounts of deadly narcotics. This includes evidence of controlled buys made directly from Mr. Young. Further, when police executed a search warrant at his residence, Mr. Young ignored police orders, jumped out of a window and fled. It took six months to locate and arrest him following the search. While Mr. Young was a fugitive, a key witness in his case was murdered.

The Defendant's history and characteristics also support a finding of dangerousness to the community. Mr. Young is a repeat offender with past convictions for drug trafficking. He has been assessed to be a criminal history category V. (ECF #52). His prior convictions, as well as his history of fleeing the police indicate that he has not been able to conform his behavior to the law based on past experience or the threat of future consequences, and that he is a flight risk. All of these factors combine to show, by clear and convincing evidence, that there is no condition or combination of conditions that could reasonably ensure the safety of others and the community, or guarantee Mr. Young's appearance at trial, if he were to be released pending trial.

3

## **CONCLUSION**

For the reasons set forth above, the Court finds that there is no condition or combination of conditions that could adequately protect individuals and the community from danger if Mr. Young were to be released pending trial. Further, there is no condition or combination of conditions that could ensure he appears as required. Mr. Young's Motion to for Pre-trial Release is, therefore, DENIED. (ECF #45).

      IT IS SO ORDERED.

                                          /s/ Donald C. Nugent  
                                        DONALD C. NUGENT  
                                        United States District Judge

DATED  December 3, 2024